## SCHWARTZ v. LONDON et al.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. HIGHWAYS—INJURIES TO PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   In an action for injuries to a pedestrian, while crossing a street, by a collision with a wagon driven by defendants' servant, evidence *held* to require submission of defendants' negligence and plaintiff's freedom from contributory negligence to the jury.

2. SAME—CARE REQUIRED OF PEDESTRIANS.

   A pedestrian about to cross a street in front of an approaching vehicle is not negligent in assuming that the driver would lessen his speed, as an alternative to a collision.

Appeal from City Court of New York.

Action for negligence by Samuel Schwartz against Albert London and others. From a judgment of the City Court in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Jacob Manheim, for appellants.
Louis Steckler, for respondent.

BISCHOFF, J. The plaintiff was struck and run over by a wagon driven by the defendants' servant at the intersection of Allen and Rivington streets in this city, and, upon this appeal from a judgment in his favor for damages for the injuries suffered, the sole contention is that the plaintiff should have been nonsuited, either because the defendants' negligence was not proven, or be-

cause contributory negligence appeared as matter of law. We think the case was properly submitted to the jury, and that there was evidence to support the case, both on the question of negligence and of the plaintiff's freedom from contributory negligence.

The testimony was that the plaintiff, with a friend, was walking along Rivington street to the west on the north or uptown side of that street, and that when he reached the crossing of Allen street he saw the defendants' wagon approaching along Allen street from the south, and then situated about the length of a house south of the south side of Rivington street; that the plaintiff proceeded to cross Allen street while constantly watching the approaching horse, and hurrying as he proceeded, but that when he had almost crossed the street he was struck by the horse, which had been continuously driven at a rapid rate. In view of the distance which intervened the position of the wagon and the corner of the street where the plaintiff stood when his intention to cross the street first became manifest, the reasonable inference is that the accident occurred through the driver's omission of reasonable prudence, either in failing to have his horse under sufficient control at a place where the presence of pedestrians should have been anticipated, or in omitting to look for their presence at that place. Had the driver seen the plaintiff, who was in plain sight, as he attempted to cross the street, some care in the lessening of his speed would reasonably have been effective in avoiding the accident. Drivers and pedestrians have equal rights in the streets, and the correlative duty of using reasonable care, existing from one to the other, justified the plaintiff in anticipating this care from the driver, without being subject to the imputation of contributory negligence.

The driver was not entitled to a clear path at a high speed, and it was not a negligent act for the plaintiff to expect that ordinary care would be observed in lessening that speed, as an alternative to injuring him, when his intention to cross the street, and the consequent necessity of the driver's moderating his speed, became reasonably apparent. This is not a case of a close calculation of chances by a pedestrian, requiring the sudden exercise of great care by a driver to avoid an accident, as is suggested by counsel for the appellant. Were the distance between the wagon and the plaintiff a very short one, when the latter attempted to cross, the presence of contributory negligence would appear; but the distance was sufficiently great to admit of the avoidance of the accident by the driver's use of ordinary care, and the plaintiff was taking no risk other than in his failure to expect that the driver would negligently maintain the same rate of speed. In this view of the inferences to be drawn from acceptable evidence in the case, a nonsuit would have been unauthorized, and the judgment is therefore to be affirmed.

Judgment and order affirmed, with costs. All concur.